## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| MICHAEL JACKSON, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Case No.   15-cv-1445 |
|  | ) | |
|  | ) | |
| MARK TWAIN HOTEL, | ) | |
| Defendant. | ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) and Motion to Request Counsel (Doc. 3). Plaintiff's Motion to Request Counsel is DENIED. As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), his Complaint is DISMISSED. The Court will provide Plaintiff with an opportunity to file an Amended Complaint.

### FACTUAL BACKGROUND

On October 29, 2015, Plaintiff Michael Jackson filed a pro se Complaint against the Mark Twain Hotel pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act ("the ADA"). In his Complaint, Plaintiff asserts that he was employed by the Mark Twain Hotel in Peoria, Illinois until April 17, 2015, when the hotel terminated him for sexual harassment. (Doc. 1 at 1, 4). He alleges that the hotel intentionally discriminated against him by both terminating his employment and failing to reasonably

accommodate his disabilities. (*Id.* at 3). Plaintiff does not include any factual allegations in the Complaint regarding his race or color or his disability.

It is unclear whether Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff completed a form Complaint, and checked boxes indicating that he both has and has not filed a charge with the EEOC. (*Id.* at 2). It appears that he may have checked the box indicating that he has not filed a charge with the EEOC in error, as he has handwritten his initials next to that box. (*See id.*). However, Plaintiff has not attached a copy of the charge he filed with the EEOC to the Complaint. Plaintiff has not received a Right to Sue Notice from the EEOC, and he has also not filed a charge with the Illinois Department of Human Rights. (*Id.* at 2-3).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . ." The same section instructs that courts "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

Dismissals pursuant to § 1915(e)(2)(B)(ii) are treated in the same manner as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Therefore, the court must take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Id.*

A plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. Pro se complaints are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam).

The Court must dismiss Plaintiff's case pursuant to § 1915(e)(2)(B)(ii), as Plaintiff has not yet obtained a Right to Sue letter from the EEOC. Obtaining such a letter is a prerequisite for each claim. Moreover, even if Plaintiff had obtained a Right to Sue Letter, he has not included in his Complaint the types of facts that are necessary to state claims for discrimination under Title VII and the ADA.

I. **Failure to Exhaust Administrative Remedies**

Plaintiffs must meet a number of prerequisites before they can file a Title VII claim in federal court. *See* 42 U.S.C. § 2000e-5(f)(1)(A). "A plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *see also Hampton v.*

*Ford Motor Co.*, 561 F.3d 709, 715 (7th Cir. 2009) ("[F]iling a charge with the EEOC is a prerequisite to bringing a federal action . . ."); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128-29 (7th Cir. 1989) ("Although the charge-filing requirement is not jurisdictional, filing an EEOC charge and receiving a right-to-sue letter still is a prerequisite to suit unless the claimant's failure to receive a right-to-sue letter is attributable to EEOC error.").

Plaintiffs bringing claims under the ADA must comply with the same prerequisites. *See* 42 U.S.C. § 12117(a); *see also, Halmo v. Klement Sausage Co.*, No. 10-CV-0618, 2010 WL 5018084, at *2-3 (E.D. Wis. Dec. 2, 2010)("Before filing a claim in federal court under the ADA, a plaintiff must exhaust his or her administrative remedies.").

Before Plaintiff can proceed with his Title VII and ADA claims in federal court, he must show that he has complied with the procedural prerequisites set out by the statutes. *See Jones v. Wis. Div. of Unemployment Ins.*, No. 09-cv-149-bbc, 2009 WL 814297, *2 (W.D. Wis. March 29, 2009) (dismissing Title VII complaint pursuant to 28 U.S.C. § 1915(e)(2) because plaintiff did not establish that he had a right to sue letter). To exhaust his administrative remedies, Plaintiff must show that he has: (1) filed a charge with the EEOC within 180 days of the discriminatory employment action, or within 300 days of the discriminatory employment action if an equivalent state agency exists; and (2) received a notification from the EEOC that it does not intend to sue (a "right-to-sue" letter). *See Halmo*, 2010 WL 5018084, at *2. It is unclear from Plaintiff's Complaint whether he has filed a charge with the EEOC. It is clear that Plaintiff has not received a right to sue letter from the

4

EEOC, and he has not provided any reason to suggest the EEOC has failed to provide him with one. Therefore his Complaint must be dismissed at this stage for a failure to exhaust administrative remedies.

## II. Failure to State a Claim

Even if Plaintiff had complied with the statutory prerequisites for filing a lawsuit, the Court would dismiss the Complaint because it fails to allege the types of facts that are necessary to support each claim for relief.

First, Plaintiff asserts that Defendant failed to accommodate his disability. The elements of a reasonable accommodation claim are familiar: (1) the plaintiff must be a qualified individual with a disability; (2) the employer must be aware of the plaintiff's disability; and (3) the defendant must have failed to reasonably accommodate the disability. *Brumfield v. City of Chicago*, 735 F3d 619, 631 (7th Cir. 2013) (citing *EEOC v. Sears Roebuck & Co.*, 417 F.3d 789 (7th Cir. 2005)). The Complaint does not include any allegations as to what Plaintiff's job was at the Mark Twain, whether he was able to do it with or without a reasonable accommodation, what his disability is, whether his employer was aware of his disability, or the type of accommodation that he required. Without these sorts of facts, Plaintiff cannot state an ADA reasonable accommodation claim.

Second, Plaintiff asserts that Defendant discriminated against him on the basis of color. Title VII claims for discrimination have only bare-bones pleading requirements. A complaint alleging color discrimination under Title VII only needs to allege that an employer took "a (specified) adverse employment action against the plaintiff on the basis of" his color. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819,

...

827 (7th Cir. 2014). A plaintiff only needs to include "enough details about the subject-matter of the case to present a story that holds together." *Id.* (quoting *Swanson*, 614 F.3d at 404-05). "Employers are familiar with discrimination claims and how to investigate them, so little information is required to put the employer on notice of these claims." *Id.*

Plaintiff has not satisfied this pleading standard. He has alleged that Defendant discriminated against him on the basis color. "Color discrimination arises when the 'particular hue of the plaintiff's skin is the cause of the discrimination.'" *Friedman v. Lake Cty. Hous. Auth.*, No. 11 C 785, 2011 WL 4901280, at *2 (N.D. Ill. Oct. 14, 2011) (quoting *Sullivan v. Presstronics, Inc.*, No. 96 C 7436, 1997 WL 327126, at *2 (N.D. Ill. June 11, 1997)). Plaintiff has not included any allegations in the Complaint as to the color or hue of his skin. *See id.* Therefore, the Complaint lacks the sort of "details about the subject-matter of the case" that are necessary "to present a story that holds together." *See Carlson*, 758 F.3d at 827.

### III. Motion to Request Counsel

Plaintiff has also filed a Motion to Request Counsel. (Doc. 3). A civil litigant is not entitled to a court-appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1). The decision of whether to recruit counsel is generally left to the discretion of the Court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). The litigant must first show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If the litigant has made the proper attempt, the Court considers

whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660. Here, Plaintiff has not shown that he made a reasonable attempt to acquire counsel without the Court's intervention. *See id*. at 654. For that reason his Motion to Request Counsel (Doc. 3) is DENIED.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Request Counsel (Doc. 3) is DENIED. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint (Doc. 1) is DISMISSED. Plaintiff MAY file an Amended Complaint within twenty-one days that addresses the issues raised in this Order & Opinion. The Court will postpone consideration of Plaintiff's Motion to Proceed In Forma Pauperis until that time. If Plaintiff still wishes to request counsel, he may also file a renewed Motion to Request Counsel in which he demonstrates that he has made an effort to acquire a lawyer on his own, without the Court's intervention.

Entered this 19th day of November, 2015.

                                              s/Joe B. McDade
                                              JOE BILLY McDADE
                                         United States Senior District Judge